UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MATTHEW JON WIEN,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil File No. 06-3306 (MJD/JJG)

REPORT AND RECOMMENDATION

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus application is barred by the statute of limitations. The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

On November 13, 2002, Petitioner pled guilty to a controlled substance offense in the state district court for Wilkin County, Minnesota. He was sentenced to 140 months in prison, and he is presently serving his sentence at the Prairie Correctional Facility in Appleton, Minnesota. (Amended Petition, [Docket No. 4], p. (2), §§ 1-5.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner filed a direct appeal following his conviction and sentence, but that appeal was dismissed "pursuant to appellant[']s notice of dismissal" on June 6, 2003. (Petitioner's "Procedural History," attachment to Amended Petition, [hereafter "Procedural History"].) On August 9, 2004, more than fourteen months after the direct appeal was dismissed, Petitioner filed a post-conviction motion in the trial court, claiming that his guilty plea was not voluntary, and that the $15,000.00 fine that was imposed with his sentence was excessive. (Petition, p. (3) § 9(d); Procedural History, p. 1.) Petitioner's post-conviction motion was denied, and he appealed. The Minnesota Court of Appeals upheld the trial court's ruling on the post-conviction motion, and affirmed Petitioner's conviction and sentence. Wien v. State of Minnesota, No. A05-380 (Minn.App. Feb. 14, 2006), 2006 WL 330098 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's application for further review on April 26, 2006.

Petitioner brought his present habeas corpus action on August 14, 2006. When this matter first came before this Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The District Courts, the Court noted that Petitioner was challenging a judgment entered nearly four years ago, and that his petition appeared to be barred by the one-year statute of limitations that applies to federal habeas petitions. 28 U.S.C. § 2244(d)(1). Therefore, Petitioner was ordered to file an affidavit and memorandum that would show the full procedural history of his case, and explain why this action should not be summarily dismissed due to untimeliness. (See Order dated August 23, 2006; [Docket No. 3].)

2

In response to the Court's prior order, Petitioner filed an amended petition, which includes his Procedural History attachment. (Docket No. 4.) The amended petition, (like the original), lists two claims for relief: (1) that Petitioner's conviction was unconstitutional, because he allegedly received erroneous information about his potential sentence, which "coerced" him into pleading guilty; and (2) that the $15,000.00 fine that was imposed as part of Petitioner's sentence is unconstitutional, because it is "excessive and punitive." (Amended Petition, p. (5), § 12.)[2]

The Procedural History submitted with Petitioner's amended petition provides the information needed to determine the timeliness of his application for federal habeas corpus relief. Based on that information, the Court finds that this action is untimely. Therefore, Petitioner's habeas corpus claims will not be addressed on the merits, and the Court will recommend that this action be summarily dismissed with prejudice.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

---

[2] Petitioner's amended petition was accompanied by an amended application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 5.) However, Petitioner has already paid the full $5.00 filing fee for this action, so it is not clear why Petitioner has filed his amended IFP application – or, for that matter, why he filed his original IFP application, (Docket No. 2). Because Petitioner has not shown that he needs IFP status for any specific reason, his IFP applications will be denied as moot.

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized (and retroactively applicable) constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment became final on direct review on June 6, 2003, when his direct appeal was dismissed pursuant to his notice of dismissal.  Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final, and the one-year statute of limitations began to run, on June 6, 2003.  The statutory deadline for filing a federal habeas corpus petition expired one year later, on June 6, 2004.  However, Petitioner did not commence this action until August 14, 2006.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner properly commences a post-conviction action in state court. The statute remains tolled during the entire period of time that such post-conviction proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).  In this case, however, the tolling provisions of § 2244(d)(2) cannot aid Petitioner, because the statute of limitations expired on June 6, 2004, and Petitioner did not file his state post-conviction motion until August 9, 2004, which was more than two months after the statute of limitations deadline.  See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").  In other words, the post-conviction motion could not toll the statute of limitations pursuant to § 2244(d)(2), because the statute of limitations had already expired before that motion was filed.  Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"); see also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute

5

"because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").[3]

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. The Eighth Circuit Court of Appeals has recognized that the habeas corpus statute of limitations is subject to equitable tolling. Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). The Court of Appeals has made it very clear, however, that such tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the

---

[3] Petitioner may believe that his state post-conviction actions did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitation period that did not begin to run until all of his post-conviction proceedings were complete. That, however, is simply not the case. As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 531 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

6

defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, the amended habeas corpus petition includes a letter sent to Petitioner by an Assistant Minnesota Public Defender, which is dated October 27, 2003. Petitioner has circled that date, and written next to it, "The Date I asked Public Defenders Office to File a Postconviction." In addition, the cover letter that accompanied Petitioner's amended petition states that "Petitioner in this case filed as expeditiously as the State Public Defender's would allow." Giving these two unexplained assertions the benefit of liberal construction, it appears that Petitioner may be arguing that his current petition should not be time-barred, because any tardiness in filing this action is attributable to the delinquency of the State Public Defender's Office. That argument, however, does not warrant equitable tolling.

As previously noted, equitable tolling is not available where an untimely habeas filing allegedly was caused by deficient legal assistance. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"),

7

cert denied, 539 U.S. 933 (2003). Unless a habeas petitioner has been deliberately and egregiously misled by his counsel, by misrepresentations tantamount to fraud, equitable tolling cannot be based on the errors or omissions of an attorney. See United States v. Martin, 408 F.3d 1089, 1095-96 (8th Cir. 2005) (applying equitable tolling in a case that did not involve merely "attorney negligence, simple error, or even abandonment," but where the petitioner's attorney "misrepresented the law, misrepresented the status of [the petitioner's] case, and retained possession of documents that were crucial to [the petitioner's] claim").  The Court of Appeals has repeatedly held that shoddy legal representation alone does not warrant equitable tolling. See Beery, supra; Kreutzer v. Bowersox, 231 F.3d at 463 ("counsel's confusion about the applicable statute of limitations does not warrant equitable tolling"); Sellers v. Burt, 168 Fed.Appx. 132, 133 (8th Cir. 2006) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"), pet. for cert. filed, May 23, 2006; Preston v. State, No. 99-3261 (8th Cir. 2000) (per curiam), 2000 WL 995013 at *1 (affirming district court's determination that petitioner's "inability to timely obtain transcripts from a former attorney 'did not come near' to constituting the required showing of extraordinary circumstances" needed for equitable tolling) (unpublished opinion); Greene v. Washington, 14 Fed.Appx. 736, 737 (8th Cir. 2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

   Here, Petitioner has not even alleged – much less substantiated – that his post-conviction counsel deliberately deceived him in any way. At most, Petitioner has suggested, (solely by implication and innuendo), that his current petition was filed after the statute of

limitations expired, because his post-conviction attorney did not promptly file his state post-conviction motion.[4] That argument is insufficient. Petitioner has clearly failed to establish that his attorney's ineptness, (if any), constitutes the type of "extraordinary circumstances" that would permit equitable tolling of the statute of limitations.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that this action is time-barred by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this case be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is further recommended that this action be dismissed with prejudice.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

---

[4] Petitioner has made no effort to explain why he did not commence this action until more than three months after his post-conviction proceedings were completed in the state courts. He certainly cannot blame his post-conviction counsel for that additional delay.

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket Nos. 1 and 4), be summarily denied;

2. Petitioner's application to proceed in forma pauperis, (Docket Nos. 2 and 5), be denied as moot; and

3. This action be dismissed with prejudice.


DATED:   September 25 , 2006

                          s/ Jeanne J. Graham
                          JEANNE J. GRAHAM
                          United States Magistrate Judge


Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by October 13, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.